† WHITE *versus* WALL *& al.*

Where the *consignee* of goods sells them with the intent to defraud his con-
signor, and this intent is known to his *vendee*, it is a simultaneous joint con-
version, for which trover will lie by the consignor against *both*.

By § 9, c. 148, it is provided, that in all actions, not founded on contract, or
on a judgment on such contract, the original writ or process shall run against
the body of the defendant.

Nevertheless, an action of *trover*, in the form of an original *summons*, will be
maintainable, unless the objection is taken *seasonably* in abatement or by
motion; otherwise, it will be considered as waived.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presid-
ing, and on motion for a new trial.

TROVER, for a lot of goods.

The defendant Crowley had mortgaged his goods to se-
cure a debt due to plaintiff, and after such mortgage the
plaintiff furnished such goods as he wanted, on consignment,
until the stock he had was mostly consigned. Both parties
living in the same town, payments for the goods were made
twice a week. Finding a sudden disappearance of the
larger portion of the stock, and no account rendered to
him, the plaintiff took possession of the goods remaining,
and finding that Wall, the other defendant, had purchased
and removed them, under suspicious circumstances, he com-
menced this suit in trover against them, to recover for the
goods so sold by Crowley and bought by Wall.

The suit was commenced in December, 1852, and was in
form a summons, with direction to attach property.

The count in the writ described the goods converted as
specified in the account and schedule annexed.

At the Jan. term, 1854, when the action came on for trial,
the defendant's counsel moved to quash the writ, because it
did not run against the bodies of defendants, and on account
of the supposed defective count.

A second count was filed under leave to amend, subject
to objections, and the motion to quash was overruled.

Evidence was introduced bearing upon the issue, and the

presiding Judge instructed the jury that the legal property of the goods mortgaged to the plaintiff was in him, but that Crowley had a right to sell both the goods which he had mortgaged to the plaintiff, and those consigned by the plaintiff to him, in the ordinary course of business, as allowed by their contract; and that any sales of the goods by Crowley, in the ordinary course of business, would be as valid, and pass the property as effectually, as if he had been the absolute owner of them.

But that if Crowley, out of the ordinary course of his business, secretly sold the goods to Wall, with the intention to defraud the plaintiff, and to withhold the goods from him, and did withhold them from him, and Wall knew of such fraudulent purpose, on the part of Crowley, and participating therein, secretly purchased the goods in pursuance thereof, then they would be jointly liable to the plaintiff for a conversion of his goods, thus fraudulently sold and purchased.

That the plaintiff, having intrusted Crowley with his goods for sale, &c., Crowley might have sold them to Wall fraudulently, as against the plaintiff, without Wall having any knowledge of his fraudulent purpose, and if such were the case, Crowley would be liable, but Wall would not be liable.

That in order to render Wall liable, they must be satisfied, from the evidence, that the sale, as against the plaintiff, was fraudulent on the part of Crowley; that Wall knew it was fraudulent, and, having that knowledge, became a party to it.

The jury returned a verdict against both defendants.

*Peters*, for defendants, after arguing from the facts proved, that the verdict was wrong, insisted that the law of the case was with defendants.

The writ should have been a capias. R. S., c. 148, § 9.

The count was defective. 2 Mass. 398; 13 Mass. 284. And that the last instruction of the Court was wrong. Wall

White *v.* Wall.

should himself have had the intention to defraud, to make him liable.

He also maintained that trover would not lie in such a case as this. Crowley had a right to sell, and if he had paid over the money to plaintiff, no complaint could be made. The fault was after the sale, so that the wrong was in keeping the money. The action should have been for the money, and not the goods.

Trover requires an unauthorized disposition of the property, as recognized in *Murray* v. *Burling*, 10 Johns. 194; *Sargent* v. *Blunt*, 16 Johns. 74, and 12 Johns. 304; 2 Greenl. on Ev. § 642.

There was no joint conversion.

*Knowles & Briggs*, for plaintiff.

TENNEY, J. — The writ in this case bears date Dec. 4, 1852. The trial took place, January term, 1854. Before the pleadings were filed, a motion was made that the writ be quashed, it not being made to run against the bodies of the defendants, according to the provisions of the statute, c. 148, § 9. In its form, the writ may be regarded as an original summons with an order to attach property; this is authorized by R. S., c. 114, § 23. If it were otherwise, the supposed want of conformity to the statute is a matter, which may be waived. And the omission to present the motion at an earlier stage of the proceedings, it being like a plea in abatement, must be treated as a constructive waiver. *Regulæ Generales*, 18, 1 Greenl. 416.

The defect in the declaration, on account of which the counsel for defendants moved that the writ be quashed, was cured by an amendment, made by leave of Court. This amendment, the Court, in the exercise of its discretion, was authorized to allow. R. S., c. 115, §§ 9 and 10; *Lord, in error*, v. *Pierce & als.* 33 Maine, 350.

Under the instructions which were given to the jury, they must have found that Crowley, out of the ordinary course of his business, as allowed by the contract with the plaintiff,

secretly sold to Wall the goods, portions of which he had mortgaged to the plaintiff, and other portions had been consigned to the defendant Crowley, by the plaintiff, with the intention to defraud the plaintiff of the same, and to withhold from him the proceeds; and did withhold them; and that Wall knew of that fraudulent purpose, and participating therein, secretly purchased the goods in pursuance thereof.

The legal title to the property in question was in the plaintiff, and nothing exhibited in evidence suspended his right to take immediate possession, whenever he might choose to exercise that right. They were in Crowley's possession for a specific object only; and they were disposed of by the concurrent acts of the two defendants inconsistently with the purpose, for which the plaintiff permitted them to be in Crowley's possession. This was a breach of the trust reposed in Crowley by the plaintiff, and an abuse of the lawful possession of the former, and constituted a conversion by him. The purchase by Wall, made under a full knowledge of the relations existing between the plaintiff and Crowley, and his taking them in furtherance of Crowley's fraudulent intention, and exercising acts of ownership over them, were simultaneous acts of both, and the whole constituted a joint conversion.

The jury passed upon the facts presented in evidence, and if the testimony was believed, the Court cannot with propriety disturb the verdict, if the motion to set it aside had been seasonably filed.

*Exceptions and motion overruled.*